**SO ORDERED.**

**SIGNED this 11 day of February, 2008.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| LLSS MANAGEMENT COMPANY, INC., | 07-02678-5-ATS |
| DEBTOR | |

**ORDER REGARDING TRUSTEE'S MOTION TO DETERMINE IF DEBTOR IS A HEALTH CARE BUSINESS AND PROCEDURES FOR DISPOSING OF RECORDS**

The matter before the court is the motion filed by David M. Warren, chapter 7 trustee for the debtor, LLSS Management Company, Inc., to determine whether the debtor is a "health care business" as that term is defined by 11 U.S.C. § 101(27A). A hearing was held in Raleigh, North Carolina on February 7, 2008.

LLSS filed a petition for relief under chapter 7 of the Bankruptcy Code on November 29, 2007, and Mr. Warren was appointed trustee. The trustee contends that LLSS, which operated a business under a national franchise to treat nicotine addiction, is not a health care business. If the debtor is a health care business, the trustee has significant duties to perform pursuant to § 351 with respect to the disposal of the debtor's patient records. The case is essentially a "no-asset" case and the trustee has no funds in the estate to either compensate him for those services or to reimburse him for the costs involved.

The debtor's treatment for nicotine addiction consisted of giving a patient counseling and a series of three injections containing a mixture of prescription medications. The injections were identical for all of the patients, and twenty percent of the debtor's patients subsequently were prescribed an anti-depressant by a physician employed by the debtor. Before administering the prescription mixture, the debtor's staff asked the patient for a medical history, would take the patient's blood pressure and would administer an EKG exam. The medical histories of more than 2,000 patients, all of which were compiled for the sole purpose of determining whether the patient was an appropriate candidate for the injections and, if warranted, the anti-depressant, are contained in folders in fourteen "bankers' boxes" in the possession of the trustee. There is also a compact disc that contains the names and addresses of all the patients who were given the prescription mixture and for whom anti-depressants were prescribed. The debtor believes it is important to protect the privacy rights of the patients' with respect to their medical histories and to have the compact disc preserved so that a patient might have access to the patient's actual treatment record. The debtor contends that the medical histories have no value to the patients, and suggests that the patients' privacy rights with respect to these records can best be protected by shredding these files. The debtor is willing to pay, from its own funds, to give mail notification of the patient record disposal plan to the patients who were treated by the debtor in the past year.

The definition of health care business under § 101(27A)(A) includes a public or private entity that is primarily engaged in offering to the general public services for, among other things, "drug treatment." 11 U.S.C. § 101(27A)(A)(ii). It is not clear whether offering "drug treatment" means that the entity treats patients by administering drugs or means that the entity treats its patients' drug addictions. If the definition includes providing treatments that include administering drugs,

2

LLSS is a health care business because the prescription mixture that LLSS offered to the public was a "drug treatment." If the definition means that the entity treats patients' drug addiction, then LLSS is most likely not a health care business, unless treating the nicotine habit is considered is treating a drug addiction.  The designation is not determinative in this case, but the court will assume, without deciding, that LLSS is a health care business.

"Patient" is defined in § 101(40A) as including any individual who obtains or receives services from a health care business.  "Patient records" is defined in § 101(40B) as any written document relating to a patient.  Because the court is assuming that the debtor is a health care business, those who received treatments are patients and any written document relating to a patient, including the medical histories, is a part of the patient's records.

Section 351 of the Bankruptcy Code provides that if a chapter 7 trustee does not have sufficient funds to pay for the storage of patient records in the manner required under applicable Federal or State law, certain requirements must be met.  There is no evidence before the court as to what Federal law or State law requires with respect to records relating to the treatment of nicotine addiction.  The record retention policy under the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA") does not apply to this facility.  Furthermore, according to a statement of the North Carolina Medical Board, North Carolina does not have a medical record retention requirement.  North Carolina Medical Board Position Statement, Retention of Medical Records, http://www.ncmedboard.org/Clients/NCBOM/Public/NewsandForum/retention.htm (last visited Feb. 11, 2007).  Guidelines for medical record retention are recommended by the North Carolina Medical Board, but there is not a statutory medical record retention requirement.  Because there is no such requirement, § 351 does not apply to the trustee's destruction of the debtor's patient

3

records. Nevertheless, the requirements of § 351 provide valuable guidance as to how the trustee should proceed in this case.

Under § 351, the trustee of a health care business who wants to dispose of records must publish notice in a newspaper of the trustee's intent to destroy the records and must attempt to contact directly each patient and the patient's insurer. The trustee must keep the records for at least one year, and if no one claims the records, the trustee must offer them to the appropriate Federal agency. Section 351(3)(A) also specifies that paper records that are not accepted by the appropriate Federal agency may be either shredded or burned by the trustee.

As previously stated, the trustee in this case has virtually no funds to pay for the storage of the medical histories, but there will be no costs involved in maintaining the compact disc containing the names of the patients who received the prescription mix and were prescribed anti-depressants. The trustee is willing to shred the medical histories, as recommended by the debtor, and to keep the compact disc. He is also willing, at the debtor's expense, to provide mail notification of the proposed destruction of the records to the debtor's patients who were treated in the past year.

While the general intent of the health care business provisions of the Bankruptcy Code appears to be to maintain the status quo with respect to medical records and ensure that valuable medical information is kept both private and available to the patient or an insurance provider, in this case those interests are not served by maintaining the medical histories. The histories were self-reported by patients and the blood pressure and EKG readings were obtained for the purpose of ascertaining whether the treatment should be undertaken. Continued storage of the medical histories would provide no benefit to anyone and presents an opportunity for that personal information to be compromised. Notification by mail to all of the patients served within the past

year is adequate notification and it is not necessary for the trustee to advertise in a newspaper, hold the records for a year, or to offer them to a Federal agency.  Shredding the records, one of the means of destruction authorized by § 351, is a sensible way to deal with the medical histories.  It also makes sense to retain the compact disc.

Accordingly, the trustee will, at the debtor's expense, provide notification by mail to the debtor's patients who were treated in the past year that the medical histories will be shredded after 60 days, and that the medical treatment records will be retained by the trustee on a compact disc. If the records are not claimed with the 60-day period, and no objection to the procedure is received, the trustee shall shred the medical histories at his expense.

**SO ORDERED**.

**END OF DOCUMENT**